JS 44 (Rev. 12/12)

**JS CIVIL COVER SHEET**

15-cv-6726

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Jeffrey Miller and Teodoro Vinhar, on behalf of themselves and all others similarly situated

**DEFENDANTS**
Star Penn Pool Service, Inc.

15  6726

**(b)** County of Residence of First Listed Plaintiff   **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Bucks**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Murphy, Esq, Murphy Law Group, LLC, Eight Penn Center, Suite 1803, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, 267-273-1054

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☒ 710 Fair Labor Standards Act | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
Brief description of cause:
Failure to pay wages and overtime compensation under the FLSA, PMWA, and WPCL

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE
DOCKET NUMBER

DEC 21 2015

DATE
12/21/2015
SIGNATURE OF ATTORNEY OF RECORD

S.T.

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

**15   6726**

Address of Plaintiff:   566 Panther Road, Warminster, PA 18974; 335 Date Street, Warminster, PA 18974

Address of Defendant:   1424 Easton Road, Warrington, PA 18976

Place of Accident, Incident or Transaction:   :   1424 Easton Road, Warrington, PA 18976
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
     Please specify)   Fair Labor Standards Act

**B.** *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

Michael Murphy
_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of 150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 12/21/2015 _____        _____        91262
                          Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/21/2015 _____        _____        91262        DEC 21 2015
                          Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Jeffray Miller, et al.                    :          CIVIL ACTION

v.                                        :

Star Penn Pool Service, Inc.              :          15      6726

                                          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                            (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X)

12/21/2015                                          Jeffrey Miller and Teodoro Vinhar,
                                                    Plaintiffs
**Date**            **Attorney-at-law**            **Attorney for**

267-2737054          215-525-0210                  murphy@phillyemploymentlawyer.com

**Telephone**        **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

DEC 21 2015



# MURPHY LAW GROUP, LLC
## *ATTORNEYS AT LAW*

Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
Office: 215.375.0961 or 267.273.1054
Fax:    215.525.0210

Email: murphy@phillyemploymentlawyer.com

*Michael Murphy, Esquire*    *(Admitted in PA and NJ)*
*Michael Groh, Esquire*    *(Admitted in PA, NJ, and NY)*
*Erica E. Kane, Esquire*    *(Admitted in PA and NJ)*
*Megan L. Davis, Esquire*    *(Admitted in PA)*

**15    6726**

December 21, 2015

**Via Hand-Delivery**



Clerk of Court
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

   Re:    **Jeffrey Miller v. Star Penn Pool Service, Inc.**

Dear Sir/Madam,

   Enclosed, for filing with respect to the above-referenced matter, please find an original and three copies of the Plaintiff's Civil Action Complaint, a Civil Cover Sheet, and a check made payable to Clerk, United States District Court, in the amount of $400.00. Please time-stamp the extra copy of the Complaint and return it to me in the self-addressed envelope I have enclosed. A PDF copy of the Complaint has been saved on the enclosed disk.

   If you have any questions, please do not hesitate to contact me. Thank you for your assistance.

                    Very truly yours,

                    Michael Murphy

MM/jw

1

2

Enclosures

cc:    Jeffrey Miller (via electronic mail)

$4400

JS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------

JEFFREY MILLER                  :
566 Panther Road               :              15      6726
Warminster, PA 18974; AND    :
                                 :     NO:
TEODORO VINHAR            :
335 Date Street                :     JURY TRIAL DEMANDED
Warminster, PA 18974       :
                                 :
individually and on behalf of all others :
similarly situated,          :
                                 :
              Plaintiffs,    :
                                 :
        v.                  :
                                 :
STAR PENN POOL SERVICE, INC. :
1424 Easton Road            :
Warrington, PA 18976       :
                               :
            Defendant.    :

----------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

      Plaintiffs Jeffrey Miller and Teodoro Vinhar ("Plaintiffs"), hereby file this Collective and Class Action Complaint against Defendant Star Penn Pool Service, Inc. ("Defendant") and allege, upon personal belief as to their own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

    1.     Plaintiffs bring this Complaint contending that Defendant has improperly failed to pay them and others similarly situated overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum

Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

2.      Plaintiffs are employees of Defendant who were employed as Service Technicians and/or Assistant Service Technicians. During the course of their employment, Plaintiffs regularly worked in excess of forty (40) hours per week, but were not properly compensated for their work in that Plaintiffs were not paid an overtime premium calculated at 1.5 times their regular rate of pay for each hour worked in excess of 40 in a work week as required by the FLSA and PMWA.

3.      Plaintiffs bring this action as a representative action under the FLSA, PMWA, and WPCL for monetary damages to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

6.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

7.      Plaintiff Jeffrey Miller ("Mr. Miller") currently resides at 566 Panther Road, Warminster, Pennsylvania, 18974.

2

8.     Plaintiff Teodoro Vinhar ("Mr. Vinhar") currently resides at 335 Date Street, Warminster, Pennsylvania, 18974.

9.     Defendant Star Penn Pool Service, Inc. is a business entity duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a registered business address of 1424 Easton Road, Warrington, Pennsylvania, 18976.

10.    Defendant is a "private employer" and covered by the FLSA.

11.    Plaintiffs are employees who have been employed by Defendant during all times relevant hereto, and as such are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

12.    At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all similarly situated current and former employees of Defendant.

14.    Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiffs bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Service Technician, Assistant Service Technician, or in positions with similar job duties who were subject to Defendant's unlawful pay practices and policies described herein and who worked for Defendant at any point in the three years preceding the date

3

the instant action was initiated (the members of the putative class are hereinafter referred to as the "Class Plaintiffs").

15.     The precise number of similarly situated potential Class Plaintiffs can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

16.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the Class members are similarly situated. Plaintiffs and other similarly situated employees were similarly not paid an overtime premium for hours worked in excess of forty (40) in a workweek, had the same job classification and job duties, and were subject to the same uniform policies, business practices, payroll practices and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant failed to pay Plaintiffs and Class Plaintiffs an overtime premium for all hours worked over 40 hours in a work week, have affected Plaintiffs and Class Plaintiffs in the same fashion.

17.     Plaintiffs will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring this action individually and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rule of Civil Procedure:

4

All persons presently or formerly employed by Defendant during the last three (3) years in the position of Service Technician, Assistant Service Technician, or in positions with similar job duties who were denied overtime compensation for work performed in excess of forty (40) hours in a work week.

19.    The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class action by direct mail.

20.    Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.    Whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the FLSA/PMWA;

B.    Whether Plaintiffs and the Class worked in excess of forty (40) hours per week;

C.    Whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount;

D.    Whether Defendant failed to pay Plaintiffs and the Class wages and overtime wages in the period when said wages became due and owing in violation of the WPCL; and

E.    Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL.

21.    Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs are employees of Defendant who are employed in the position of Service Technician and/or Assistant Service Technician and who have suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the FLSA, PMWA and WPCL has affected Plaintiffs and the Class in the exact same way.

22.    Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members.

5

23.     Plaintiffs are committed to pursuing this action and have retained competent

counsel experienced in class action litigation.

24.     Pursuant to Rules 23(b)(1), (b)(2) and/or (b)(3) of the Federal Rules of Civil

Procedure, this action is properly maintained as a class action because:

A.     the prosecution of separate actions by or against individual members of the Class

would create a risk of inconsistent or vary adjudication with respect to individual members of the

Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation when it is due and owing in

violation of the FLSA, PMWA and WPCL, has acted or refused to act on grounds generally

applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a

whole; and

C.     the common questions of law and fact set forth above applicable to the Class

predominate over any questions affecting only individual members, and a class action is superior

to other available methods for the fair and efficient adjudication of this case, especially with

respect to considerations of consistency, economy, efficiency, fairness and equity, as compared

to other available methods for the fair and efficient adjudication of this controversy.

25.     A class action is also superior to other available means for the fair and efficient

adjudication of this controversy because individual joinder of the parties is impractical. Class

action treatment will allow a large number of similarly situated persons to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary

duplication of effort and expense that would occur if these claims were brought individually.

Additionally, as the damages suffered by each Class member may be relatively small, the

expenses and burden of individual litigation would make it difficult for the Class members to

bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of members of the Class to protect their interests.

## **FACTUAL BACKGROUND**

26.    Defendant hired Mr. Miller on or around March 5, 2011 as a Service Technician.

27.    Defendant hired Mr. Vinhar on or around April 12, 2012 as an Assistant Service Technician, a position he held from his date of hire up until his temporary separation from employment in or around April of 2013.

28.    Defendant rehired Mr. Vinhar in or around April 2015 as an Assistant Service Technician.

29.    Upon information and belief, Defendant employs approximately seven (7) or eight (8) individuals in the position of Service Technician and/or Assistant Service Technician.

30.    Plaintiffs' and Class Plaintiffs' job duties were the same, which predominantly involved facilitating the opening and closing of pools and providing pool maintenance services.

31.    Plaintiffs and Class Plaintiffs were scheduled to work for Defendant from March of each year until in or around the end of October each year. Defendant's headquarters and retail store, however, stay open until in or around December and open again in or around March of each year.

32.    Plaintiffs and Class Plaintiffs typically worked from approximately 7:00 AM each morning until they had finished their assigned tasks for the day, which usually occurred around 4:00 PM each afternoon.

33.     As a result of the aforementioned schedule, Plaintiffs routinely worked in excess of forty (40) hours per week. In fact, in a typical work week, Plaintiffs would typically work approximately fifty (50) to sixty (60) hours.

34.     As a result of the aforementioned schedule, Class Plaintiffs routinely worked in excess of forty (40) hours per week. In fact, in a typical work week, Class Plaintiffs would typically work approximately fifty (50) to sixty (60) hours.

35.     At all times relevant hereto, Mr. Miller was compensated on an hourly basis, receiving $20 per hour.

36.     Until in or around October 2015, Mr. Vinhar was compensated on an hourly basis, receiving $16 per hour during the course of his employment with Defendant. In or around October 2015, Mr. Vinhar's regular hourly rate was raised to $18 per hour.

37.     Despite the fact that Plaintiffs and Class Plaintiffs routinely worked in excess of forty (40) hours per week, Plaintiffs and Class Plaintiffs did not receive overtime compensation calculated at 1.5 times their regular rate of pay for work performed in excess of 40 in any given week.

38.     Plaintiffs and Class Plaintiffs were only paid their hourly rate of pay regardless of actual hours worked.

39.     Plaintiffs and Class Plaintiffs were misclassified as exempt from overtime pay requirements within the meaning of the FLSA/PMWA.

40.     Plaintiffs and Class Plaintiffs were not exempt from overtime compensation within the meaning of the FLSA/PMWA.

41.     Defendant operates its business for more than seven (7) months in each calendar year.

8

42.     Further, upon information and belief, during any given calendar year, Defendant's average receipts for any six (6) months of such year totaled more than one-third (1/3) of its average receipts for the other 6 months of such year.

43.     Based on the duration of Defendant's operations each calendar year and the value of Defendant's average receipts for any six (6) month period, Defendant does not qualify as an "amusement or recreational establishment" for the purposes of the seasonal exemption to overtime compensation under the FLSA/PMWA.

44.     Therefore, Plaintiffs and Class Plaintiffs are not employees of an "amusement or recreational establishment," and thus do not meet the qualifications for the seasonal exemption to overtime compensation under the FLSA/PMWA.

45.     Plaintiffs and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant.

46.     Accordingly, Plaintiffs and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

47.     Plaintiffs and Class Plaintiffs do not exercise discretion or independent judgment regarding matters of significance to Defendant. Plaintiffs and Class Plaintiffs spend the vast majority of their time providing non-exempt maintenance and installation services.

48.     Accordingly, Plaintiffs and Class Plaintiffs do not qualify for the exemption for administrative employees under the FLSA/PMWA.

49.     Finally, there are no other exemptions under the FLSA/PMWA which could arguably be applicable to Plaintiffs or Class Plaintiffs.

50.     Plaintiffs and Class Plaintiffs are (were), within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and are therefore entitled to overtime compensation for hours worked over forty (40) in a workweek.

51.     Defendant failed to pay Plaintiffs and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) hours in a work week.

52.     As a result of Defendant's aforementioned illegal actions, Plaintiffs and Class Plaintiffs have suffered damages.

53.     During Plaintiffs' employment, both Mr. Miller and Mr. Vinhar repeatedly asked Defendant's owner, John Wright ("Mr. Wright"), why Plaintiffs and Class Plaintiffs did not receive overtime compensation for work performed in excess of forty (40) hours in a work week. In response, Plaintiffs were always told that they were not entitled to overtime compensation, and that if they did not like it, they should find another job.

54.     The aforementioned pay policies of Defendant violate the FLSA and PMWA and as a result, Plaintiffs and Class Plaintiffs have suffered loss of wages and compensation.

## COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

55.     Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a work week.

57.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

58.     According to the policies and practices of Defendant, Plaintiffs and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiffs and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA. Defendant failed to pay Plaintiffs and Class Plaintiffs at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 in a work week.

59.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

60.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

61.     Defendant is liable to Plaintiffs and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

**WHEREFORE,** Plaintiffs pray for the following relief on behalf of themselves and Class Plaintiffs:

A.      An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.      An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Service Technician, Assistant

Service Technician, and/or positions with similar job duties, and authorizing Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime pay as required by the FLSA;

      C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

      D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime pay to Plaintiffs and Class Plaintiffs for work performed in excess of forty (40) hours per week;

      E.      Awarding Plaintiffs and Class Plaintiffs back wages and/or overtime wages in an amount consistent with the FLSA;

      F.      Awarding Plaintiffs and Class Plaintiffs liquidated damages in accordance with the FLSA;

      G.      Awarding Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

      H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

      I.      Granting Plaintiffs and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

      J.      For all additional general and equitable relief to which Plaintiffs and the Class may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*

62.     Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63.     The PMWA provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.113.

64.     The PMWA further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

65.     By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay overtime compensation.

66.     As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the PMWA.

**WHEREFORE**, Plaintiffs, on behalf of themselves and Class Plaintiffs, pray for judgment against Defendant as follows:

A.     An Order certifying this case as a class action and designating Plaintiffs as the representatives of the Class and their counsel as Class counsel;

B.     An award to Plaintiffs and the Class for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

13

C.      An award to Plaintiffs and the Class of reasonable attorney's fees and costs

pursuant to the PMWA; and

D.      An award to Plaintiffs and the Class for any other damages available to them

under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 Pa. Con. Stat. § 260.1, *et seq.***

67.      Paragraphs 1 through 66 are hereby incorporated by reference as though the same

were fully set forth at length herein.

68.      By its actions alleged above, Defendant has violated the provisions of the WPCL

by failing to pay certain wages and benefits earned, due and owing to Plaintiffs and Class

Plaintiffs pursuant to Defendant's policies, practices and agreements with Plaintiffs and Class

Plaintiffs.

69.      Plaintiffs and Class Plaintiffs are entitled to compensation for hours of work

which they performed for Defendant and for which they were not properly compensated.

70.      As a result of Defendant's unlawful acts, Plaintiffs and Class Plaintiffs have been

deprived of compensation in amounts to be determined at trial, and are entitled to recovery of

such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the

WPCL.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class, pray for judgment against

Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiffs as the

representatives of the Class and their counsel as Class counsel;

14

B.    An award to Plaintiffs and the Class for the amount of unpaid compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.    An award to Plaintiffs and the Class of liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages and benefits due pursuant to the WPCL;

D.    An award to Plaintiffs and the Class for any other damages available to them under applicable Pennsylvania law, including general and special damages according to proof, and all other such relief as this Court may deem proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    _____

Michael Murphy, Esq.
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: December 21, 2015

15

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.